UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES OF AMERICA,**

v.                    402CR161

**ANTHONY DIXON,**

**Defendant.**

## ORDER

Defendant Anthony Dixon has filed a motion requesting this Court's entry of a nunc pro tunc order reflecting its intention in his sentencing, which he alleges was to recommend that he receive credit for time served and that his federal sentence be served concurrently with his state sentence. Doc. # 11. This is the second version of this motion that Dixon has filed. *See* doc. # 9. In his previous motion he claimed that the Court had intended to recommend to the federal Board of Prisons that he receive credit for time served, but that, due to a "clerical error," the sentencing documents had not included such a recommendation. *Id.* This Court denied that motion on 10/31/05, explaining that Dixon had failed to factually support his claim. Doc. # 10. Now Dixon returns, almost three and a half years later, offering a document that he claims provides sufficient factual support for his contentions of what the trial court intended to recommend. Doc. # 11.

In the present motion, Dixon reiterates his original claim that the Court intended to formally recommend that he receive credit for his time already served, and he also adds a claim that his state and federal sentences were supposed to be served concurrently. *Id.* at 3. The document he includes with the updated motion is a 3/24/03 order by the Georgia Board of Pardons and Paroles revoking Dixon's 4/22/01 parole due to his 8/14/02 conviction and sentence in this Court. *Id.* at 6. The document states that Dixon is "to serve the remainder of his said maximum sentence" and that "[t]his Parole Revocation is to run concurrent with any Federal sentence this subject may be serving." *Id.*

As to his argument that his state and federal sentences should run concurrently to one another, Dixon cannot succeed in this Court. First, he has provided evidence (via the document attached to his motion) only of the fact that *state* authorities intended for his *state* sentence to run concurrent to his federal sentence. This does not, however, constitute evidence of what the *federal* Court intended of his federal sentence in relation to any state sentences (that is, whether they should run concurrently or consecutively). Additionally, the sentence of this Court is in no way affected by the state parole revocation document, as federal courts are not bound (and federal sentences are not affected) by the pronouncements of state authorities regarding state sentences, and federal courts are not charged with enforcing state sentences. *See Meagher v. Clark*, 943 F.2d 1277, 1281-82 (11th Cir. 1991) (holding that a federal sentencing court has no obligation to implement or otherwise to respect a state court's order that state and federal sentences run concurrently); *U.S. v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987) (permitting a federal court to ignore a state sentence explicitly requiring that the federal and state sentences be concurrent). Thus, the document from the *state* board of pardons and paroles does not bind this federal Court to ensure that his federal and state sentences be served concurrently. As he has not shown that this Court recommended that his federal sentence be served concurrently to his state sentence, Dixon's argument that this Court should "run both sentences concurrent[ly]" fails. Doc. # 11 at 3.

Furthermore, Dixon still has not fulfilled his obligation to factually support his original claim that the federal sentencing court intended that he receive credit for time served.

The state parole board document is wholly irrelevant to this claim. It deals only with the revocation of his state parole and makes no mention of credit for time served as to any sentence, much less his federal sentence. Thus, Dixon has clearly not cured the factual deficiencies upon which this Court based its previous denial of this claim on 10/31/05. Doc. # 10. He is reminded of the requirement cited by this Court in its previous order: that in order to receive the nunc pro tunc order he seeks, Dixon must provide factual support for what he claims actually happened in his federal sentencing proceeding but failed to be accurately reflected in the relevant records. *Id.* (citing *U.S. v. Perez*, 2005 WL 2270869, at *2 (11th Cir. 9/19/05)).

As a result of these lingering factual deficiencies, the Court sees no basis for granting relief to Dixon on these two claims. His motion, doc. # 11, is therefore ***DENIED***.

This day of 31 March 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA